**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAITLYN M. B.[1],<br>        Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br>        Defendant. | EDCV 25-1382 DSF (DFM)<br><br>ORDER ACCEPTING REPORT<br>AND RECOMMENDATION OF<br>UNITED STATES<br>MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint (Dkt. 1), Plaintiff's Motion for Summary Judgment ("Motion"; Dkt. 12-1), the Commissioner's Brief (Dkt. 16), Plaintiff's Reply Brief (Dkt. 19), the Report and Recommendation of United States Magistrate Judge ("Report"; Dkt. 21), Plaintiff's Objections to the Report ("Objections"; Dkt. 22), the Administrative Record ("AR"; Dkt. 9-1), and other relevant records on file.

The Court has conducted a de novo review of the portions of the Report to which Objections were directed. Although not required, the Court briefly addresses the following. See United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); Wang v. Masaitis, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

Plaintiff generally repeats issues and arguments already presented in the Motion and Reply Brief. *Compare* Dkts. 12-1 at 7, 16-28 and Dkt. 19 at 2, 5-15 *with* Dkt. 22 at 2, 6-20. Those were adequately addressed in the Report. Moreover, Plaintiff's Objections, like her underlying briefing, largely center on the Report's analysis of the Administrative Law Judge's assessment of her mental impairments. The ALJ's determinations, however, were generous. As noted in the Report, the ALJ assessed Plaintiff with mild and moderate limitations, and even gave Plaintiff "the benefit of the doubt"[2] by finding Plaintiff had moderate limitations in one category despite mild physician findings. See Dkt. 21 at 13; AR 18, 22, 420. Further, the Report noted that the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with several non-exertional mental limitations. See Dkt. 21 at 2-3, 13-14; AR 19[3]. Plaintiff has failed to show that the ALJ erred in those determinations, or that the Report improperly found her mild and moderate limitations were not disabling. See, e.g., Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation"); Tessier v. Kijakazi, No. 2:22-CV-04340-KS, 2023 WL 12144275, at *6 (C.D. Cal. June 5, 2023) (same, citing Hoppai); Lee v. Astrue, No. 1:10-CV-01550 SKO, 2012 WL

---

[2] The Report indicates that "[c]itations to the AR are to the record pagination" and that "[a]ll other docket citations are to the CM/ECF pagination." Dkt. 21 at 2 n.2. However, the Report cites to this finding as AR 22 when it appears at AR 18, apparently citing the CM/ECF pagination (22) instead. See Dkt. 21 at 13. Other AR citations in the Report are similarly to the CM/ECF pagination. In this Order, the Court has cited to the record pagination of the AR.

[3] As noted, the Report sometimes cites to the RFC finding at AR 23, which is apparently the CM/ECF pagination. See Dkt. 21 at 13. The RFC is at AR 19.

253316, at *6 (E.D. Cal. Jan. 26, 2012) (even moderate difficulties "are not per se disabling").

Further, although Plaintiff contends that had the ALJ followed Social Security guidelines she "would have seen" certain evidence in the record, and that other objective evidence supports Plaintiff's claim (see Dkt. 22 at 14, 19-20), "in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)). Additionally, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Plaintiff has failed to overcome these principles.

Finally, the decision will be affirmed where error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021) (even where the "modest burden" of the substantial evidence standard is not met, "we will not reverse an ALJ's decision where the error was harmless"). Thus, even if Plaintiff has shown any legal error, she has not demonstrated here that it was harmful. Id.; see also Bell v. Kijakazi, __ F. App'x __; 2022 WL 9731077, at *2 (9th Cir. Oct. 17, 2022) (argument that RFC did not include all limitations failed because "[claimant] cannot show how any of the allegedly omitted conditions would have changed his RFC or affected the outcome of his disability analysis").

Accordingly, it is ordered that:

1. Plaintiff's Objections are OVERRULED (Dkt. 22).

2. The Report is ACCEPTED with the noted minor AR citation corrections (Docket No. 21).

3.  The Motion is DENIED (Dkt. 12-1).

4.  The Commissioner's denial of benefits is AFFIRMED, and this action is DISMISSED with prejudice.

5.  Judgment is to be ENTERED accordingly; and

6.  The Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

IT IS SO ORDERED.

Date: April 28, 2026

Dale S. Fischer
United States District Judge